```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOSE RIVERA, On behalf of himself and FLSA   :
collective plaintiffs,                       :
                                             :
              Plaintiffs,                    :       REPORT AND RECOMMENDATION
                                             :
       -against-                             :       18 Civ. 1124 (CBA) (VMS)
                                             :
A & M PROSPECT DELI, INC. D/B/A/ A & M       :
PROSPECT DELI, FABI ALI MOHAMMED             :
AND HASAN SHAHBAIN,                          :
                                             :
              Defendants.                    :
------------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Jose Rivera ("Mr. Rivera" or "Plaintiff") commenced this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), and the New York Labor Law ("NYLL"), alleging that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, (3) statutory penalties (pursuant to the NYLL only) and (4) attorneys' fees and costs. See generally SAC, ECF No. 25.[1] Because, as set forth below, Mr. Rivera has failed to actively pursue this litigation, it is respectfully recommended sua sponte that this case be dismissed without prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).

**I.   Background**

Plaintiff, originally represented by counsel, filed a Complaint, an Amended Complaint, and a Second Amended Complaint (the "SAC"), alleging violations of the FLSA and NYLL.

---

[1] Mr. Rivera filed a Complaint, an Amended Complaint, and a Second Amended Complaint (the "SAC"). All three alleged claims pursuant to the FLSA and NYLL for unpaid overtime, liquidated damages, statutory penalties, attorneys' fees and costs. See generally Compl., ECF No. 1; Am. Compl., ECF No. 17; SAC.

Compl., Am. Compl., SAC.  The SAC, which is the operative complaint, names as defendants A & M Prospect Deli, Inc. d/b/a A & M Prospect Deli, Fabi Lai Mohammad and Hasan Shahbain (collectively, "Defendants").  See ECF No. 25.  Defendants failed to answer the SAC or have counsel appear on behalf of the corporation, see 9/21/2018 Order, and Plaintiff requested a certificate of default, see ECF No. 32. The Clerk entered a certificate of default, ECF No. 33, after which Defendants, appearing through counsel, filed an answer to the SAC.  See ECF Nos. 34-35.

The Parties reached a settlement and the Court set an in-person hearing pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  See ECF Nos. 37-39.  In addition to counsel for all Parties, Plaintiff was required to attend in-person.  See ECF No. 39.  Prior to the hearing, Plaintiff's counsel submitted a letter informing the Court that the Parties were unable to finalize the proposed settlement agreement, and that Defendants A & M Prospect Deli, Inc. and Hasan Shahbain withdrew their settlement offer because they were confident Plaintiff never worked for them.  ECF No. 40.  In response to the letter, the Court directed Plaintiff to bring to the hearing any documents demonstrating his employment with Defendants.  ECF No. 43.  Plaintiff did not appear individually for the hearing, in contravention of the Court's Order, but he was represented by the appearance of his counsel.  See 12/18/2018 Minute Entry; see also ECF No. 47 ¶ 3.

The Court scheduled a subsequent conference and again directed that Plaintiff appear with his counsel and provide evidence of his employment with Defendants.  1/23/2019 Order.  Plaintiff again failed to appear in-person, as directed by Court, although his counsel again appeared.  See ECF Nos. 45, 47 ¶ 3.

Plaintiff's counsel then moved to withdraw as Plaintiff's counsel, asserting that Plaintiff had "completely failed to cooperate with [the] firm to such an extent that it is impossible for [the] firm to provide effective representation." ECF No. 47 ¶ 2. Plaintiff's counsel also noted that Plaintiff failed to appear at Court conferences, as discussed above, and that Plaintiff had not provided to counsel adequate notice that he would not attend. Id. ¶ 3. Plaintiff's counsel also alleged that Plaintiff failed to attend scheduled meetings with his counsel, did not provide any explanation for his failure to attend, and "was entirely incommunicado for extended periods of time." Id. ¶ 5. The Court set a hearing on counsels' withdrawal motion and directed Plaintiff to attend in-person. 4/15/2019 Order. Plaintiff again failed to appear. ECF No. 50.

The Court granted Plaintiff's counsels' motion to withdraw and ordered Plaintiff to notify the Court by a specified date whether he would represent himself or have another attorney appear on his behalf (the "May 2019 Order"). ECF No. 50. The Court informed Plaintiff that if Plaintiff did not appear or have an attorney appear, the Court would recommend that Plaintiff's case be dismissed for want of prosecution. Id. The Order was promptly served on Plaintiff. ECF No. 51.

Plaintiff again failed to respond to the Court's Order. The Court issued another Order warning Plaintiff that he had failed to comply with the May 2019 Order and setting another date by which Plaintiff was required to respond. 7/23/2019 Order. The Court again warned that failure to respond would result in the Court's recommendation that the case be dismissed for failure to prosecute. Id. The Court mailed its Order to Plaintiff. Despite multiple Orders warning Plaintiff of the consequences if he failed to appear, Plaintiff has not contacted the Court since Plaintiff's counsels' withdrawal.

**II.     Legal Standard**

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed R. Civ. P. 41(b); see LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.").  Although pro se litigants "must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training or experience."  Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672 (2d Cir. 2012); see Robinson v. Sposto, No. 13 Civ. 3334 (JFB) (WDW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives.").

In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff has notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000).  In conducting the analysis under Rule 41(b), "no one factor is dispositive."  Nita v. Conn. Dep't of Env. Prot., 16 F.3d 482, 485 (2d Cir. 1994); see Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . . [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." (internal quotation marks & citation omitted)); Miller v. Dep't of Corrs., No. 07

Civ. 7584 (SHS) (GWG), 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) ("[D]istrict court[s are] not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)))).

### III.  Discussion

Applying the standards described above, the Court respectfully recommends dismissal of this matter pursuant to Rule 41(b) for Plaintiff's failure to prosecute.  First, a careful review of the docket indicates that Plaintiff has not taken any action in this case for many months.  As detailed above, Plaintiff failed to appear at multiple Court conferences for which he was ordered to individually appear.  See, e.g., 12/18/2018 Minute Entry; ECF Nos. 45, 47 ¶ 3.  His lack of communication with his own counsel resulted in their withdrawal from representation.  See ECF Nos. 47, 50.  Since his counsel's withdrawal motion, filed April 12, 2019, Plaintiff has not participated in any way in this litigation, despite multiple Orders directing him to either appear or respond.  See, e.g., 12/18/2018 Minute Entry; ECF No. 45, 47 ¶ 3, 50; 7/23/2019 Order.  Plaintiff's failure to prosecute for over eight months (at least) "has functioned as a complete block to moving this litigation forward."  Sanders v. Ramos, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 592670, at *2 (S.D.N.Y. Jan. 24, 2013) (internal quotation marks omitted); see Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (finding delay of six months sufficient to warrant dismissal under Rule 41(b)); Moton v. Williams, No. 15 Civ. 6485 (GBD) (JLC), 2018 WL 2229126, at *3 (May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" (internal quotation marks omitted) (collecting cases)), R & R adopted, 2018 WL 3384433 (S.D.N.Y. July 11, 2018).

Defendants are prejudiced by Plaintiff's failure to prosecute the case. Because of Plaintiff's continued inaction, resolution of this case has been substantially delayed, with no clear plan or ability to continue the litigation moving forward. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462.

Plaintiff has been provided with notice from the Court regarding the consequences of his inaction. Relevant Orders were served on Plaintiff at his last known address, and those Orders stated in simple and clear terms what was required of Plaintiff. Despite this notice, Plaintiff failed to comply with all Orders directing his appearance or response since and, in some instances, prior to, the withdrawal of his counsel. Given these circumstances, the Court's need for orderly case administration "outweighs any interest in preserving the due process rights of a party that, despite multiple opportunities, has expressed no interest in preserving them." Golden v. Tapestry Med., Inc., No. 14 Civ. 1834 (RRM) (JO), 2017 WL 3868799, at *3 (E.D.N.Y. Sept. 5, 2017); see Alomar v. Recard, No. 07 Civ. 5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("It is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that plaintiff will appear in the future." (internal quotation marks & alterations omitted)).

A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed twice that his failure to participate may lead to the dismissal of his action, and he has not responded. See Brow, 391 F. App'x at 936 (affirming dismissal of pro se plaintiff's complaint noting "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including pro ses, have an

obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.").

### IV. Conclusion

For the foregoing reasons, the Court respectfully recommends, <u>sua sponte</u>, that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### V. Objections

A copy of this Report and Recommendation will be mailed by Chambers to Plaintiff at the address for Plaintiff provided by Plaintiff's former counsel: Jose Rivera, 849 Flushing Avenue, #10J, Brooklyn, NY 11206. <u>See</u> ECF No. 49. Any objections to this Report and Recommendation must be filed with the Clerk of Court within the permissible period under the Federal Rules of Civil Procedure. Any request for an extension of time to file objections must be made to the Honorable Carol Bagley Amon, the District Judge to whom this action is assigned. Failure to file objections within the specified time waives the right to appeal the Court's Order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; <u>Caidor v. Onondaga Cty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED.

Dated: Brooklyn, New York
       December 16, 2019

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge